UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GERALD D. MATLOCK,

Plaintiff,

v.

DON CULLEN, CITY OF LONGVIEW and DOUGLAS A. MONGE in his individual capacity and as a Police Officer with the City of Longview Police Department,

Defendants.

Case No. C07-5414RJB

ORDER ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

This matter comes before the court on defendants' City of Longview and Douglas Monge's Motion for Summary Judgment (Dkt. 15) and on Defendant Don Cullen's Motion for Summary Judgment (Dkt. 18 and 19). The court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

PROCEDURAL BACKGROUND

On July 24, 2007, plaintiff Gerald D. Matlock filed a Complaint for Wrongful Eviction and for Civil Rights Violations in Cowlitz County Superior Court. Dkt. 1-2, at 5. The complaint named three defendants: Don Cullen, owner and operator of "an apartment building commonly known as Cullen Rentals," (Dkt. 1, at 6), in Longview, Washington; Longview police officer Douglas A. Monge; and the City of Longview. Dkt. 1, at 5-9. The original complaint alleges that (1) defendants forcibly

removed plaintiff from his apartment unit in the absence of an Unlawful Detainer action; (2) Officer Monge forcibly removed plaintiff from his apartment unit, in violation of his Due Process and Fourth Amendment rights; and (3) it was the policy and practice of the City of Longview to authorize police officers to forcibly remove tenants from the Cullen Rentals Apartment Building without obtaining a court order or bringing an Unlawful Detainer action. Dkt. 1.

On August 9, 2007, defendants City of Longview and Douglas Monge removed this action to federal court on the basis of 28 U.S.C. § 1441. Dkt. 1, at 1. The record does not show that defendant Cullen joined in the removal.

On June 10, 2008, the court granted the stipulation of the parties to file an amended complaint. Dkt. 14. The amended complaint was filed on July 24, 2008. Dkt. 20.

The amended complaint added a third claim for relief, that plaintiff was removed from his apartment at the direction of Don Cullen because plaintiff had filed a claim with government officials for Mr. Cullen's violations of the Washington Clean Air Act regarding cigarette smoking at the premises, in violation of Chapters 70.94 and 70.160 RCW. Dkt. 13-2, at 4-5.

RELEVANT FACTS

On September 24, 2004, plaintiff began residing at the building that is referred to in the record variously as the Oregon Way Hotel, Cullen Rentals Apartments, or Cullen Rentals, in Longview, Washington. The building will be referred to hereafter as the Oregon Way Hotel. Plaintiff contends that he was a tenant at the apartments, on a month to month rental basis. Dkt. 17-2, at 3. Defendants maintain that the Oregon Way Hotel was licensed as a hotel, and that the hotel let rooms on a weekly or monthly basis. Dkt. 23, at 9. In 2006, 29 of 46 rooms in the Oregon Way Hotel were rented for more than thirty days to the same guest. Dkt. 23, at 10. A sign on the Oregon Way Hotel advertises "$295 Per Month." Dkt. 22-2, at 4.

In his deposition, Mr. Cullen testified as follows:

Q (By Mr. Ammons) Do you pay a hotel tax on all of the occupancies at the Oregon Hotel?

A We pay B&O tax. Is that the one you mean?

Q I'm talking–there's a hotel tax like the Red Lion has to pay for each time somebody rents a room. Do you pay that same sort of hotel tax for your tenants at the Oregon Way Hotel?

A We're under a certain formula on taxes. We pay B&O to–well, to state and the city, and the rules are that anyone who stays less than 30 days, we have to pay those taxes. If they stay over 30 days, we're not required to pay those taxes. And I don't know about the Red Lion.

Q So, for tax purposes, somebody that stays more than 30 days is not considered a transient; is that correct?

************************************

A Yes, they're still transient. It's just they've chosen to stay longer. Just like Red Lion, if a construction worker comes to town and stays six months at the Red Lion, he's still transient.

Q (By Mr. Ammons) So somebody who stays 30 days or longer at the Oregon Way Hotel, you're not liable to pay a hotel tax–

A That B&O tax–

Q –for that person?

A –over 30 days. That's the law. I didn't write it; I just follow it.

Dkt. 23, at 11-12.

Plaintiff did not have a written rental agreement. Dkt. 17-3, at 3. When he moved in in 2004, he paid $70 ("Rent") for one week and a deposit of $50. Dkt. 23, at 14. Thereafter, he paid Rent of $240 monthly, with the exception of one payment for $720 in advance for three months. Dkt. 23, at 14.

Plaintiff stated in a declaration that, in December of 2005, he contacted Mr. Cullen about his concerns that employees and tenants were smoking on the premises, in violation of Washington law. Dkt. 22, at 2. Plaintiff stated that he contacted Mr. Cullen again in mid-January of 2006, after the smoking persisted; and that when he received no satisfaction, he then informally contacted the health department about the smoking. Dkt. 22, at 2. Plaintiff stated that, after he contacted Mr. Cullen again on February 2, 2006, and received no satisfaction, he made a formal complaint to the health department. Dkt. 22, at 2. Mr. Cullen stated in his deposition that he knew there had been a complaint lodged with the Department of Health. Dkt. 23, at 5. "I may have known at the time that it was him that filed it." Dkt. 23, at 5.

John Anderson, the manager of the Oregon Way Hotel testified in his deposition that, in December or January of 2005, he told plaintiff that he would need to leave about the end of January of 2006. Dkt. 17-3, at 13. Mr. Anderson testified that he gave plaintiff a "three day verbal." Dkt. 17-3

at 14. Mr. Anderson testified as follows: "I just warned him whenever the pay period comes due, I think it was the end of that month, he had like three weeks to try to find some place to live and he was going to move. He'd get a month's rent back or two months rent back, he'd get money back, but he was going to be out at a certain time and he said, 'No, I'm not, you can't evict me and you can't throw me out.'" Dkt. 17-3, at 14. Mr. Anderson stated the reason plaintiff was told to leave was that he was menacing and threatening to a maid, and that this behavior occurred numerous times. Dkt. 17-3, at 5-9.

Mr. Anderson stated that, on February 15, 2006, plaintiff's behavior caused the hotel maid to have a reaction that required Mr. Anderson to call an ambulance. Dkt. 17-3, at 16-17. Mr. Anderson told plaintiff that he would have to leave the next day. Dkt. 17-3, at 16. Mr. Anderson testified that plaintiff told him that he did not have to leave because he had not received a written notice. Dkt. 17-3, at 14-15. At that point, Mr. Anderson, following instructions from Mr. Cullen, had a written notice printed and the notice was given to plaintiff. Dkt. 23, at 7.

The notice was typewritten in its entirety and provided as follows:

> You are hereby asked to remove yourself & your belongings from the property by 5:00pm February 16, 2005.
>
> Return the key to the manager's office and a check will be issued to you for the remainder of you [sic] rent and the deposit you have paid."
>
> Don Cullen
> Owner/Operator
>
> We reserve the right to refuse service to anyone.

Dkt. 22-2, at 8. It appears that the 2005 year was in error and was meant to be 2006. Plaintiff testified that, before he received the letter, he had had no discussions about his need to leave the Oregon Way Hotel. Dkt. 17-2, at 3.

Plaintiff testified in his declaration that he told management that he would not be leaving because Mr. Cullen had not obtained a court order through an unlawful detainer proceeding. Dkt. 22, at 3. Plaintiff stated that Officer Monge stated "Look this is the way the man does business and he has done business for years. You have to leave, period." Dkt. 22, at 4.

Officer Monge stated in a declaration that he was dispatched to the Oregon Way Hotel on February 16, 2006, on a report of a guest causing a disturbance and refusing to leave; and that he

spoke with the hotel manager who informed him that plaintiff had been causing problems at the hotel, had been asked to leave, and was refusing to leave. Dkt. 16, at 1. Officer Matlock stated as follows:

> 4. It was my understanding from the Oregon Way Hotel that it is licensed as a hotel by the City and State. This was the understanding of the Longview Police Department as well. I have never been informed of any court decision that the Oregon Way Hotel is not a hotel. It is my understanding that Hotel's [sic] can ask disruptive guests to leave without going through an unlawful detainer process. Hotel guests that refuse to leave when asked can be charged with trespassing.
>
> 5. I went to Mr. Matlock's room and spoke with him. He voluntarily allowed me to enter his room. His mental health treatment provider was there as well. I explained to Mr. Matlock that the Hotel wanted him to leave. Mr. Matlock told me that he would be leaving that evening. I left the Hotel and was later informed that Mr. Matlock left has he had agreed.
>
> 6. I did not detain or threaten to arrest Mr. Matlock at any time and did not have any physical contact with him. I did not remove him from the Hotel.

Dkt. 16, at 2.

Plaintiff stated that he resided temporarily with two different acquaintances, and did not have a permanent place to stay for 36 consecutive nights. Dkt. 22, at 4.

MOTIONS

On July 1, 2008, defendants City of Longview and Officer Monge filed a motion for summary judgment, contending that (1) Officer Monge is entitled to qualified immunity; and (2) plaintiff has not shown the requirements for municipal liability on the part of the City of Longview. Dkt. 15.

On July 8, 2008, defendant Don Cullen filed two documents (Dkt. 18 and 19) that are apparently intended to be one motion for summary judgment. Mr. Cullen argues that (1) an unlawful detainer action was not required by state law; (2) Mr. Cullen was entitled to use self-help eviction measures; (3) plaintiff voluntarily left the hotel following the receipt of written notice; and (4) Mr. Cullen's actions were not retaliatory because plaintiff's complaint related to the Washington Clean Air Act complaint occurred after he was told that he would need to find other accommodations. Dkt. 19.

Plaintiff opposes the motions for summary judgment, contending that (1) because plaintiff was a month to month tenant, unlawful detainer/eviction proceedings were required by state law; (2) the Residential Landlord Tenant Act, Chapter 59.18 RCW, required twenty days written notice to plaintiff, who was a month to month tenant; (3) Officer Monge is not entitled to qualified immunity because it was clearly established law that a property owner could not use self help to evict tenants; Officer Monge knew that plaintiff had not been given the appropriate notice; and Officer Monge knew there

was no court order allowing law enforcement to remove plaintiff from the premises; (4) the City of Longview is liable to plaintiff for violation of the Fourth and Fourteenth Amendments; (5) transient lodging that may be available at the Oregon Way Hotel is established primarily to avoid the application of the Residential Landlord Tenant Act; and (6) even if state law exempts the Oregon Way Hotel from the Residential Landlord Tenant Act, the exemption is unconstitutional in violation of Equal Protection. Dkt. 21.

In their reply, Officer Monge and the City of Longview maintain that (1) plaintiff's case citations are inapposite because they presume that plaintiff was a tenant, not a guest in a transient accommodation hotel; (2) Officer Monge is entitled to qualified immunity as to plaintiff's claim that the Residential Landlord Tenant Act is unconstitutional; and (3) plaintiff has not presented any policy of the City of Longview that was the moving force behind the alleged unconstitutional acts. Dkt. 24.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service*

*Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

## DISCUSSION

**1. Removal and Jurisdiction**

Defendants Douglas Monge and the City of Longview removed this action to federal court. Defendant Don Cullen did not join in that removal. However, plaintiff did not file a motion to remand under 28 U.S.C. § 1447(c). Under 28 U.S.C. § 1447(c), the district court lacks authority to make a *sua sponte* remand to state court based on a nonjurisdictional defect in removal. *Kelton Arms Condominium Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190 (2003). Failure of all defendants to join in the notice of removal is a procedural defect. *Parrino v. FHP*, 146 F.3d 699, 703 (9th Cir. 1998). Accordingly, if the court has jurisdiction over the underlying claims, the complaint and parties are properly before the court.

The amended complaint alleges the following claims: (1) a state law claim that defendants failed to bring an unlawful detainer action before plaintiff was allegedly removed from the "apartment unit"; (2) a claim under 42 U.S.C. § 1983 against Officer Monge and the City of Longview for violation of plaintiff's Due Process and Fourth Amendment rights; and (2) a state law claim against Mr. Cullen for violation of Chapters 70.94 and 70.160 RCW on the basis that plaintiff's removal from his apartment was the result of plaintiff's making a complaint to government officials about cigarette smoking on the premises. Dkt. 13-2.

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). The federal court has original

jurisdiction over plaintiffs' claims under 42 U.S.C. § 1983 against Officer Monge and the City of Longview.

Officer Monge and the City of Longview removed this case to federal court pursuant to 28 U.S.C. § 1441. It appears that the state law claims are based on the court's supplemental jurisdiction. Under 28 U.S.C. § 1367, a federal court may assume supplemental jurisdiction over all other claims that are so related to claims in the action within the original jurisdiction so that they form part of the same case or controversy. "Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." In this case, the state law claims are so related to the civil rights claims that they form part of the same case or controversy. Accordingly, the court has original jurisdiction over the civil rights claims and supplemental jurisdiction over the state law claims.

**2. Officer Monge and the City of Longview's Motion for Summary Judgment (Dkt. 15)**

*Qualified Immunity for Officer Monge*. Officer Monge contends that he is entitled to qualified immunity.

Defendants in a Section 1983 action are entitled to qualified immunity from damages for civil liability if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The existence of qualified immunity generally turns on the objective reasonableness of the actions, without regard to the knowledge or subjective intent of the particular official. *Id*. at 819. Whether a reasonable officer could have believed his or her conduct was proper is a question of law for the court and should be determined at the earliest possible point in the litigation. *Act Up!/Portland v. Bagley*, 988 F.2d 868, 872-73 (9th Cir. 1993).

In analyzing a qualified immunity defense, the Court must determine: (1) whether a constitutional right would have been violated on the facts alleged, taken in the light most favorable to the party asserting the injury; and (2) whether the right was clearly established when viewed in the specific context of the case. *Saucier v. Katz*, 121 S.Ct. 2151, 2156 (2001). "The relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id*. The privilege of qualified immunity is an immunity from suit rather than a mere defense to liability, and like absolute immunity, it

is effectively lost if a case is erroneously permitted to go to trial. *Id*.

In the first part of the qualified immunity test, the court must determine whether, based on the facts alleged, taken in the light most favorable to plaintiff, a constitutional right would have been violated. A seizure of property occurs when there is some meaningful interference with an individual's possessory interest in that property. *Soldal v. Cook County, Illinois*, 506 U.S. 56, 61 (1992), citing *United States v. Jacobsen*, 466 U.S. 109, 113 (1984). This is clearly established law. However, that clearly established law requires that an individual have a possessory interest in the property seized. Assuming, without deciding, that plaintiff could establish that he had some possessory interest in the property that he rented at the Oregon Way Hotel, the second part of the qualified immunity test is whether the right was clearly established, in the specific context of the case, so that it would be clear to a reasonable officer in Officer Monge's position that his conduct was unlawful. In this case, the issue is whether it would have been clear to a reasonable officer in Officer Monge's position that plaintiff was a tenant and/or that a unlawful detainer was required before Officer Monge could request plaintiff to leave the premises.

The distinction between a boarder [landlord-tenant relationship] and a guest [owner/host-lodger relationship] is a question of fact in each case, to be ascertained by a consideration of the all the circumstances. *See Smith v. Dorchester Hotel Co.*, 145 Wn. 344, 345-46 (1927).

The factors that indicate that a landlord-tenant relationship exists are as follows: (1) the exclusive possession of the rooms by the occupiers without a right of control or entry in the owner during the occupancy; (2) the separateness of each living unit from the remaining areas of the structure; (3) the existence of private outside entryways for each living space with keys possessed privately by the occupiers; (4) the absence of commonly shared [cooking], eating and bathing facilities or other areas; (5) the arrangement of rental on a landlord-tenant basis; and (6) the absence of the performance of cooking, cleaning, garbage removal and telephone services for the occupiers by the owner. *City of Mercer Island v. Steinmann*, 9 Wn.App. 479, 484-85 (1973), *citing Green v. Watson*, 224 Cal.App. 2d 184 (1964); *Roberts v. Casey*, 36 Cal.App.Supp.2d 767 (1939); *Johnson v. Kolibas,*75 N.J.Super. 56 (1962).

The Residential Landlord and Tenant Act provides for an unlawful detainer procedure for

eviction of a tenant. RCW 59.18.365, *et seq*. Pursuant to RCW 59.12.030, the unlawful detainer statute applies to a "tenant of real property."

The Residential Landlord Tenant Act, Chapter 59.18, does not apply to residence in a hotel, motel, or other transient lodging whose operation is defined in RCW 19.48.010, unless the living arrangements are established primarily to avoid the application of the Residential Landlord Tenant Act. RCW 59.18.040 and RCW 59.18.040(3).

The Oregon Way Hotel was licensed as a hotel under Chapter 19.48 RCW. A hotel is defined in RCW 19.48.010 as "[a]ny building held out to the public to be an inn, hotel or public lodging house or place where sleeping accommodations, whether with or without meals, or the facilities for preparing the same, are furnished for hire to transient guests, in which three or more rooms are used for the accommodation of such guests, shall for the purposes of this chapter and chapter 60.64 RCW, or any amendment thereof, only, be defined to be a hotel...."

Officer Monge knew that the Oregon Way Hotel was licensed as a hotel; and he understood that hotels can ask disruptive guests to leave without going through the unlawful detainer process, and that hotel guests who refuse to leave when asked can be charged with trespassing. There is some support in case law for Officer Monge's belief. *See Young v. Harrison*, 284 F.3d 863 (8th Cir. 2002)(hotel guests are not tenants and therefore do not have all of the rights afforded tenants under South Dakota's Forcible Entry and Detainer statute, and even if evicted hotel guest's Fourth Amendment rights were violated by police entry into his rom without a warrant, consent, or exigent circumstances, officers were protected by qualified immunity because rights were not clearly established). *See also Harkins v. WIN Corp*. 771 A.2d 1025 (D.C.Ct.App. 2001), in which the D.C. Court of Appeals held that a roomer in a rooming house may be evicted without the judicial process for eviction.

Plaintiff contends that he was a tenant, and that Officer Monge's direction that he vacate the premises constituted an unconstitutional seizure forbidden by the Fourth Amendment. Plaintiff relies on *Soldal v. Cook County, Illinois,* 506 U.S. 56 (1992). Soldal involved a complaint by mobile home owners alleging that deputy sheriffs and the owner and manager of a mobile home park dispossessed owners of their mobile home by physically tearing it from the foundation and towing it to another lot;

the Supreme Court determined that the complaint sufficiently alleged a “seizure” within meaning of the Fourth Amendment to state a cause of action under 42 U.S.C. § 1983. Soldal, however, assumed that plaintiffs were tenants. Plaintiff also relies on *Thomas v. Cohen*, 304 F.3d 563, 578 (6th Cir. 2002), in which the Sixth Circuit held that plaintiffs, who were residents of a transitional shelter for women attempting to acclimate themselves to mainstream society, had a due process right to predeprivation process prior to eviction. In Thomas, defendants did not dispute that plaintiffs were tenants and appellate court assumed that plaintiffs were tenants.

Plaintiff has put forth no evidence that Officer Monge knew anything other than what he put in his declaration, that is, that he knew that the Oregon Way Hotel was licensed as a hotel and that he believed people who rented a room at a hotel could be evicted without judicial process. It is unclear from the record whether plaintiff was a tenant or occupied a room at the hotel on a transitory basis. Whether the Fourth Amendment and state law require defendants to remove plaintiff from his room through legal process hinges on whether plaintiff was a tenant. There is no clearly established law that would require a police officer who knows that an establishment is licensed as a hotel to inquire into the terms of the rental agreement between an owner and a guest before responding to a request to effect the removal of a person renting a room in the hotel. Finally, there is no clearly established law that RCW 59.18.040(3) violated equal protection. *See Grossman v. City of Portland*, 33 F.3d 1200, 1209 (9th Cir. 1994)(“[A]n officer who acts in reliance on a duly-enacted statute or ordinance is ordinarily entitled to qualified immunity;” *Dittman v. California*, 191 F.3d 1020, 1027 (9th Cir. 1999)(defendant entitled to qualified immunity where she acted pursuant to a duly enacted state statute and there was no clear case law in either the federal courts or the state courts establishing that the statute may not be applied in the challenged manner).

Because there was no clearly established law that established that plaintiff was a tenant, that an unlawful detainer order was required, or that RCW 59.18.040(3) violated equal protection, Officer Monge is entitled to qualified immunity on plaintiff’s claims for violation of his constitutional rights under 42 U.S.C. § 1983.

*Municipal Liability*. The City of Longview contends that plaintiff has not shown sufficient evidence for municipal liability.

In order to set forth a claim against a municipality under 42 U.S.C. § 1983, a plaintiff must show that the defendant's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to, or violates, the plaintiff's civil rights; or that the entity ratified the unlawful conduct. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 690-91 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991). The municipal action must be the moving force behind the injury of which plaintiff complains. *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 405 (1997).

Plaintiff has made no showing that Officer Monge acted through official custom, pattern or policy that permits deliberate indifference to, or violated plaintiff's civil rights; or that the City of Longview ratified the alleged unlawful conduct. The federal constitutional claims against the City of Longview should be dismissed.

*State Law Claims Against Officer Monge*. It is unclear whether plaintiff is alleging state law claims against Officer Monge, although the complaint appears to allege that Officer Monge violated the state Unlawful Detainers Act. In any event, Officer Monge and the City of Longview do not address state law claims in their motion for summary judgment. Any state law claims against Officer Monge and the City of Longview should not be dismissed.

**3. Don Cullen's Motion for Summary Judgment (Dkt. 18 and 19)**

Don Cullen filed a motion for summary judgment, contending that (1) an Unlawful Detainer action was not required because the Oregon Way Hotel is licensed as a hotel and no landlord-tenant relationship existed; and (2) Mr. Cullen's actions were not retaliatory. Dkt. 18 and 19.

Plaintiff argues that Mr. Cullen licensed his property as a hotel in order to avoid the application of the Residential Landlord Tenant Act.

The complaint appears to allege state law claims against Mr. Cullen for violating the Unlawful Detainers Act and the Washington Clean Air Act.

Under 28 U.S.C. § 1367, a federal court may assume supplemental jurisdiction over all other claims that are so related to claims in the action within the original jurisdiction so that they form part of the same case or controversy. The Court may decline to exercise this supplemental jurisdiction if (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the

claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

By this order, all claims over which the federal court has jurisdiction are dismissed. It appears that the remaining claims raise issues of state law, including whether plaintiff could be considered a tenant and therefore covered under the Residential Landlord Tenant Act, and whether his rights under the Washington Clean Air Act were violated. It appears that the court should decline to exercise supplemental jurisdiction over any state law claims against Officer Monge, the City of Longview, and Mr. Cullen. The court should order the parties to show cause why the court should not decline to exercise supplemental jurisdiction over the state law claims and remand this case to the state court.

Therefore, it is hereby

**ORDERED** that City of Longview and Douglas Monge's Motion for Summary Judgment (Dkt. 15) is **GRANTED IN PART,** as follows: All claims based on 42 U.S.C. § 1983 against Officer Douglas A. Monge and the City of Longview are **DISMISSED WITH PREJUDICE**. Defendant Don Cullen's Motion for Summary Judgment (Dkt. 18 and 19) is **RENOTED** for August 15, 2008. Not later than August 15, 2008, the parties are **ORDERED TO SHOW CAUSE**, in writing, if any they have, why the court should not decline to exercise supplemental jurisdiction over the state law claims against defendants and remand this case to Cowlitz County Superior Court.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 7th of August, 2008.

ROBERT J. BRYAN
United States District Judge